PETER BRAMLETT'S EX'R *v.* CLARISSA BRAMLETTE, ETC.

**Wills—Provision for Support of slaves.**

Where a testator provided in his will for a comfortable support of two of his slaves the provision for the benefit of the slaves should be upheld, it being the duty of the court to set apart a sum sufficient for their comfortable support.

**Wills—Slaves as Devisees.**

Where, prior to the adoption of the 13th amendment to the Federal Constitution, a testator made provisions in his will for the support of two of his slaves, and the testator died after the adoption of the 13th amendment, the devisees had the legal capacity to sue in their own names, since the will spoke from the time of the testator's death.

APPEAL FROM BOURBON CIRCUIT COURT.

June 6, 1873.

OPINION BY JUDGE LINDSAY:

It is not to be asumed that Peter Bramlett, deceased, in making provision in his will for the comfortable support of his two slaves, Hiram and Clarissa, intended merely to discharge a legal duty. Upon the contrary, it is clear that his object was to make them as individuals the recipients of his bounty. Had the institution of slavery continued to exist, they could not have taken as legatees, but the duty imposed upon the executor was one, the discharge of which the courts would have enforced. The testator did not change the provisions of his will by reason of the adoption of the 13th Article of Amendment to the Federal Constitution. It spoke from the time of his death, and as appelleees were then free people, they were capable of taking as devisees and had the legal capacity to sue in their own name. The court below properly held that the provision for their benefit should be upheld, but we are of opinion that the judgment is eroneous in its details. The court reserves the power to make additional allowances to appellees at its discretion. Under such a state of case it is impossible for the executor to determine what sum of money it will be necessary to retain, in order to be able to obey the future orders of the court.

A sum sufficient to yield annually the amount necessary to support comfortably the two appellees should be set apart. The sum should be fixed by the court. In case it becomes necessary to make additional allowances, the court may direct the principal to be encroached upon. Appellees are not entitled to be supported in idleness, but should be required to assist in supporting themselves. Judgment *reversed* and the cause remanded for proceedings consistent with this opinion.

*Davis, for appellant.*

*R. Mann, G. C. Lockhart, for appellees.*